FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 26 2022

TAMMY H. DOWNS, CLERK
By: _____
                    DEP CLERK

1

2

3

4

5          UNITED STATES DISTRICT COURT
6          EASTERN DISTRICT OF ARKANSAS

7   JORDAN PHILLIPS,                                    Plaintiff,
    and DOES 1 – 20,
8                          NO. 3:22-CV-00022 - LPR

9

10  CRAIGHEAD COUNTY,

11      This case assigned to District Judge Rudofsky      Defendant.
        and to Magistrate Judge_____ Kearney

12

13          PLAINTIFF'S JOINDER ACTION COMPLAINT

14      COMES NOW Plaintiff, JORDAN PHILLIPS, on behalf of himself and similarly

15  situated individuals, by and through his counsel, ROBERT MITCHELL, and complains against

16  the Defendant as follows:

17      I.      STATEMENT OF THE CASE

18      1.      This is a joinder action under the Fed. R. Civ. P. 19, and the Uniformed

19
    Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*,
20
    on behalf of current and former servicemember employees of Craighead County ("Defendant"
21
22  or "Craighead"), who took-short term military leave from Craighead to perform military

23  service, but were not paid their normal wages or salaries during such periods of military leave,

24

25

26

1

as required by USERRA, and/or were forced to use accrued vacation leave, and/or did not receive pension/retirement credit for periods of military leave as required by USERRA.

2.     USERRA protects the rights of servicemembers who take leaves of absence from their civilian employers to perform qualified military service. USERRA § 4311(a - d) prohibits employers from denying servicemembers any benefit of employment based on their military service or membership. USERRA § 4318 requires employers to treat military service as continuing service for pension/retirement contribution and accumulation purposes.  Since at least January 1, 2006, Defendant violated this provision in two ways.

3.     First, the policy stated in Defendant's employee handbook guarantees servicemember employees 15 days per calendar year of paid leave for performing military service. *See* Craighead County, Employment/Personnel Policy Handbook, Adopted November 24, 1997, Ordinance 1997-30, Revised June 2014, Ordinance 2014-3, Revised June 11, 2020, stating in pertinent part: "Military leave is considered leave without pay, **except as required by Arkansas Statutes §§ 21-4-102, 21-4-103 and 21-4-212**." (Emphasis added).

4.     "Arkansas Statute § 21-4-102, as cited in Defendant's "Military Leave" Policy, states in pertinent part:

> All employees of the state, as defined in § 21-4-203, **or of any of its political subdivisions**, who desire to take a leave of absence for the purpose of participating in the military training programs made available by the National Guard or any of the reserve branches of the armed forces...**shall be entitled to such a leave of absence for a period of fifteen (15) days plus necessary travel time for annual training requirements or other duties performed in an official duty status in any one (1) calendar year**.

*See* AR Code § 21-4-102(a) (1) (2012).  (Emphasis added).

2

5.     AR Code § 21-4-102(b)(1) requires Defendant to pay servicemember employees for this military service: "Whenever any employee is granted a leave of absence under the provisions of this section, **he or she shall be entitled to his or her regular salary during the time he or she is away from his or her duties during such leave of absence**." (Emphasis added).

6.     AR Code § 21-4-102(b)(2) further states: "**The leave of absence shall be in addition to the regular vacation time allowed to the employee**." (Emphasis added).

7.     The above statutory provisions apply to Defendant because Defendant is a political subdivision of the State of Arkansas, and Defendant controlled Plaintiff's employment, pay and benefits, and Defendant's own policy references AR Code § 21-4-102, which applies to: "…**any of its political subdivisions**…"

8.     Given the above, Defendant's policy guaranties servicemember employees that Craighead will follow Arkansas Statute and pay servicemember employees 15 days each calendar year for military leaves of absence.

9.     Instead, Craighead follows the first portion of the policy, which states: "**Military leave is considered leave without pay**…" *See Surpa.*, Defendant's Employee Handbook.

10.     Worse yet, not only does Craighead treat military leaves of absence as leave without pay, but contrary to AR Code § 21-4-102(b)(2), Defendant forces servicemember employees to use accrued vacation pay for military leaves of absence. *Compare* Craighead County, Employment/Personnel Policy Handbook, § 13(B) "Military Leave," stating: "**County**

3

**employees shall count leave for temporary military training against earned vacation time or leave without pay.**" with AR Code § 21-4-102(b)(2), stating: "**The leave of absence shall be in addition to the regular vacation time allowed to the employee.**" (Emphasis added).

11.     Second, Arkansas Statute § 21-4-212, states in pertinent part: "During any military leave of absence, the employee shall preserve all seniority rights, efficiency or performance ratings, promotional status, **retirement privileges**, life and disability insurance benefits, and any other rights, privileges, and benefits to which the employee has become entitled." See AR Code § 21-4-212(d)(1) (2012).  (Emphasis added).

12.     Arkansas Statute § 21-4-212, further states in pertinent part: "**For purposes of computations to determine whether the person may be entitled to retirement benefits, the period of military service shall be deemed continuous service, and the employee shall not be required to make any contributions to any retirement fund.**" See AR Code § 21-4-212(d)(2) (2012).  (Emphasis added).

13.     However, Defendant failed to credit employees' imputed earnings associated with military leave or otherwise credit their military leave for the purpose of calculating such employees' pensions.  By doing so, Defendant violated USERRA § 4318, which requires all employee pension benefit plans to treat military service as continued service for an employer.

14.     As a direct and proximate result of Defendant's violations, Plaintiff and other servicemembers employed by Defendant received less compensation than they would have received if Defendant had provided them with paid leave during periods of short-term military leave.  In addition, Plaintiff and other servicemembers received smaller pension contributions

and accumulations than they otherwise would have received if they had been paid during military leave or if Defendant had credited their pensions associated with their military leave.

15.    This action seeks a declaration that Defendant violated USERRA by failing to pay Plaintiff and members of the proposed Joinder Class during their periods of short-term military leave according to state law, a declaration that Defendant violated USERRA by failing to credit servicemember employees' short-term military leave for the purpose of calculating their pension/retirement contributions and accumulations, an order requiring Defendant to pay servicemember employees when they take short-term military leave in the future, an order requiring Defendant to credit servicemember employees' military service for the purposes of calculating their pension/retirement contributions and accumulations, an order requiring Defendant to pay Plaintiff and other similarly situated servicemembers the wages or salaries they should have earned during their periods of short-term military leave since 2006, plus interest for loss of use of these funds, and an order requiring Defendant to recalculate and pay Plaintiff and the other similarly situated servicemembers the pension/retirement contributions and accumulations they should have received since 2006, consistent with the requirements of USERRA and state statute.

## II.    JURISDICTION AND VENUE

16.    Jurisdiction and Venue in the United States District Court, Eastern District of Arkansas are appropriate where this dispute involves issues of federal law, 38 U.S.C. § 4323(b)(3), which provides the district courts of the United States with jurisdiction over any USERRA action brought against a private employer, and where all acts at issue and described

herein occurred in this district, and where the injury to Plaintiff occurred in this district, and where Plaintiff is a resident of this district, and where the Defendant is a municipality located in this district. 28 U.S.C. § 1332; 28 U.S.C. § 1391(b); and 28 U.S.C. § 1331.

17.    Defendant is liable unto Plaintiff and the Joinder Class of similarly situated servicemember employees' pursuant to the provisions of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*

### III.    PARTIES

18.    Plaintiff, JORDAN PHILLIPS (hereinafter "Mr. Phillips" or "Plaintiff") is a resident of Jonesboro, Arkansas.

19.    In 2009, Mr. Phillips joined the Arkansas National Guard.

20.    Mr. Phillips served honorably in places like Kandahar, Afghanistan.

21.    Mr. Phillips is still a member of the Arkansas National Guard.

22.    In 2015, Mr. Phillips began working for Defendant, in the Craighead County Jail.

23.    Defendant, Craighead County was Mr. Phillips's employer.

24.    Defendant was aware that Mr. Phillips was in the Arkansas National Guard.

25.    Mr. Phillips took time away from Defendant's employ to attend military service.

26.    The character of Mr. Phillip's military service was always honorable.

27.    The character of Mr. Phillip's employment with Craighead County was always stellar.

6

# IV.   JOINDER ALLEGATIONS

28.     Plaintiff brings this action as a joinder action pursuant to Rule 19 of the Federal Rules of Civil Procedure on behalf of the following similarly situated servicemembers:

(a) The Paid Military Leaves of Absence Joinder Class for the servicemembers who were entitled to regular pay and allowances for 15 Days Per Calendar Year, pursuant to Defendant's Policy, and pursuant to Arkansas Statute §§ 21-4-102, and USERRA: Current and former servicemember employees of Defendant, who during their employment with Defendant, took short-term military leave from their employment and during such short-term military leave were not paid the 15 days of wages or salary that they would have earned had they continued to work their ordinary work schedules from January 1, 2006, through the date of judgment in this action.

(b) The Pension/Retirement Joinder Class: Current and former servicemember employees of Defendant, who during their employment with Defendant, took military leave from their employment and during such military leave were not credited the pension or retirement benefits that they would have earned had they continued to work their ordinary work schedules from January 1, 2006, through the date of judgment in this action.

**Joinder**

29.     Upon information and belief, the number of similarly situated servicemembers is insufficient to justify class certification, but complete relief cannot be achieved without addressing all similarly situated servicemembers' claims.

**Commonality for Joinder Purposes**

30.     The central questions in this case, which will generate common answers, are (1) whether Defendant's policy or practice of failing to pay servicemember employees' wages and/or salaries and benefits during periods of military leave violates USERRA § 4311, and whether (2) Defendant's policy of failing to credit imputed earnings from military service for the purposes of calculating pensions violated USERRA § 4311 and USERRA § 4318.

31.     Plaintiff's claims raise subsidiary common questions, including the following:

(a) whether Defendant maintains a policy or practice of refusing to pay servicemember employees when they take short-term military leave; and

(b) whether USERRA § 4311 prevents Defendant from failing or refusing to pay salary, wages, and benefits to servicemember employees who take short-term military leave, particularly where Arkansas Statute §§ 21-4-102 and 21-4-212 require such payments;

(d) whether Defendant is and was required by USERRA § 4318 to credit all military service for the purposes of calculating pension awards, particularly where Arkansas Statute § 21-4-212 requires such contributions; and

(E) whether Defendant's violations of USERRA were willful, such that Defendant should be required to pay liquidated damages to Plaintiff and the members of the proposed joinder class, where Defendant's own policy acknowledges that Arkansas Statute requires Defendant to pay the above-referenced wages, salaries and benefits to servicemembers, but Defendant failed or refused to follow Defendant's own policy.

32.    Because Defendant adopted and applied uniform policies or practices of not paying servicemember employees when they take short-term military leave and failing to credit imputed earnings from all military service for the purposes of calculating pension/retirement contributions and accumulations, answers to these questions will produce common answers for all similarly situated servicemember employees.  As Defendant acted in a uniform, systematic manner with respect to all similarly situated servicemember employees, all similarly situated servicemember employees suffered the same type of injury based on the same policies or practices, and resolving their claims will be based on common legal and factual questions.

33.    Defendant's policy or practice of refusing to credit imputed earnings from military service for the purposes of calculating pension/retirement contributions and accumulations was applied uniformly to the Pension/Retirement group of similarly situated servicemember employees, the issues relating to the relief for all similarly situated servicemember employees should receive will be common. To the extent that any of these policies or practices are found to violate USERRA, the determination of the amounts to be paid to each servicemember employee will be formulaic and can be readily calculated pursuant to a common formula.

**Typicality**

34.    Plaintiff's claims are typical of all servicemember employees, because the claims challenge uniform policies or practices by which Defendant failed to pay servicemember employees when they take short-term military leave and failed to credit or impute earnings from military service for the purposes of calculating pension/retirement

contributions. In addition, Plaintiff and all other servicemember employees were all injured by the same uniform policies or practices.

**Adequacy**

35.     Plaintiff will fairly and adequately protect the interests of all similarly situated servicemember employees.

36.     Plaintiff does not have any conflict with any similarly situated servicemember employee. Plaintiff understands his obligations as named representative, has already undertaken steps to fulfill them, and is prepared to continue to fulfill his duties as the representative for all similarly situated servicemember employees.

37.     Defendant has no unique defenses against the Plaintiff that would interfere with Plaintiff's representation of all similarly situated servicemember employees.

38.     Plaintiff's counsel has significant experience in prosecuting class litigation, including class action litigation involving rights and benefits of servicemembers under USERRA. See *Tuten v. United Airlines*, U.S. District Court of Colorado, Civil Action No. 1:12-cv-01561-WJM-MEH; *Alman v. American Airlines, Inc.*, U.S. District Court of Massachusetts, Civil Action No. 14-cv-10138.

## V.    **FACTUAL ALLEGATIONS**

39.     Plaintiff restates the above allegations as though fully set forth herein.

40.     In 2009, Mr. Phillips joined the Arkansas National Guard.

41.     Mr. Phillips served honorably in places like Kandahar, Afghanistan.

42.     Mr. Phillips is still a member of the Arkansas National Guard.

43.    In <u>2015</u>, Mr. Phillips began working for Defendant, in the Craighead County Jail.

44.    Defendant, Craighead County was Mr. Phillips's employer, as that term is defined by USERRA, because Defendant had "control over employment opportunities."

45.    Defendant was aware that Mr. Phillips was in the Arkansas National Guard.

46.    The character of Mr. Phillips's military service has always been honorable.

47.    While employed by Defendant, Mr. Phillips took time away from Defendant's employ to perform military service.

48.    Each and every time Mr. Phillips took military leave, he provided advanced notice to his employer of his obligations to attend military service, as well as his intent to return to work after he completed his military service.

49.    As a result, USERRA 4311 required Defendant to pay Plaintiff and other similarly situated servicemembers at least 15 days per calendar year for military leave.

50.    When Mr. Phillips took military leave, he was either forced to take unpaid leave, or use his accrued vacation pay.

**15 DAYS PER CALENDAR YEAR PAY AND BENEFITS:**

51.    Craighead County does not pay servicemember employees 15 days of regular pay and benefits for military leaves of absence, as promised in Defendant's employee handbook, and as required by state law, and Defendant forces its servicemember employees to use accrued vacation leave if the servicemembers desire pay for their military service. *See* Craighead County, Employment/Personnel Policy Handbook, Adopted November 24, 1997,

11

Ordinance 1997-30, Revised June 2014, Ordinance 2014-3, Revised June 11, 2020, stating in pertinent part:

> B. MILITARY LEAVE **County employees shall count leave for temporary military training against earned vacation time or leave without pay**. ... Military leave is considered leave without pay, except as required by Arkansas Statutes §§ 21-4-102, 21-4-103 and 21-4-212.

52.     However, Defendant is <u>required</u> to pay for periods of military leaves of absence: "Military leave is considered leave without pay, **except as required by Arkansas Statutes §§ 21-4-102, 21-4-103 and 21-4-212**." *Id.* (Emphasis added).

53.     The "Arkansas Statute § 21-4-102," cited in Defendant's employee handbook states in pertinent part:

> All employees of the state, as defined in § 21-4-203, **or of any of its political subdivisions**, who desire to take a leave of absence for the purpose of participating in the military training programs made available by the National Guard or any of the reserve branches of the armed forces ... **shall be entitled to such a leave of absence for a period of fifteen (15) days plus necessary travel time for annual training requirements or other duties performed in an official duty status in any one (1) calendar year**.

*See* AR Code § 21-4-102(a)(1)(2012). (Emphasis added).

54.     The "Arkansas Statute § 21-4-102," cited in Defendant's employee handbook further states in pertinent part: "To the extent this leave is not used in a calendar year, **it will accumulate for use in the succeeding calendar year until it totals fifteen (15) days at the beginning of the calendar year**." *See* AR Code § 21-4-102(a)(2)(2012). (Emphasis added).

55.     The "Arkansas Statute § 21-4-102," cited in Defendant's employee handbook further states in pertinent part: "**Whenever any employee is granted a leave of absence**

**under the provisions of this section, he or she shall be entitled to his or her regular salary during the time he or she is away from his or her duties during such leave of absence**." *See* AR Code § 21-4-102(b)(1) (2012). (Emphasis added).

56.    Finally, "Arkansas Statute § 21-4-102," states in pertinent part: "**The leave of absence shall be in addition to the regular vacation time allowed to the employee**." *See* AR Code § 21-4-102(b)(2) (2012). (Emphasis added).

57.    Defendant was required by state statute and Defendant's own policies to provide Plaintiff and other similarly situated servicemember employees with 15 days of pay and benefits per calendar year for serving in the military.

58.    Defendant was also required to allow that paid military leave to accumulate if unused.

59.    The 15 days per year of paid military leave of absence should have been in addition to the servicemember employees' other periods of paid leave.

60.    Defendant should not have charged Plaintiff or other similarly situated servicemember employees accrued vacation pay to take military leave.

61.    Defendant should not have failed or refused to pay servicemember employees for the military leaves of absence taken to perform their military duties.

62.    Defendant should have counted Plaintiff and the other similarly situated servicemember employees' military leaves of absence as "continuous service," without requiring these servicemember employees to make any contributions to any retirement fund.

13

63.    Defendant either failed or refused to provide this pay and benefits to Plaintiff and all similarly situated servicemember employees.

64.    Defendant refused to follow the very statute that was listed in Defendant's own employee handbook.

65.    Defendant's failure or refusal to pay Plaintiff and all similarly situated servicemember employees regular pay and benefits for 15 days each calendar year violated USERRA 38 U.S.C. § 4311, Arkansas Statute, and Defendant's own policies.

**Pension/Retirement Benefits:**

66.    "Arkansas Statute § 21-4-212," states in pertinent part: "During any military leave of absence, the employee shall preserve all seniority rights, efficiency or performance ratings, promotional status, **retirement privileges**, life and disability insurance benefits, and any other rights, privileges, and benefits to which the employee has become entitled." *See* AR Code § 21-4-212(d)(1) (2012). (Emphasis added).

67.    "Arkansas Statute § 21-4-212," states in pertinent part: "**For purposes of computations to determine whether the person may be entitled to retirement benefits, the period of military service shall be deemed continuous service, and the employee shall not be required to make any contributions to any retirement fund**." *See* AR Code § 21-4-212(d)(2) (2012). (Emphasis added).

68.    Defendant failed to pay these servicemember employees the 15 days promised in Defendant's employee handbook, and required by state statute.

14

69.     As a result, these servicemember employees lost retirement/pension contributions and accumulations.

## VI.     COUNT I.

### VIOLATION OF USERRA, 38 U.S.C. § 4311

### Failure to Pay 15 Days of Wages or Salaries During Short Term Military Leave

### 15 Days Paid Leave

70.     Plaintiff re-alleges sections I. through IV., inclusive as though fully set forth herein.

71.     USERRA, 38 U.S.C. § 4311 provides in pertinent part:

(a)     A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

(b)     An employer may not discriminate in employment against or take any adverse employment action against any person because such person

(1) has taken an action to enforce a protection afforded any person under this chapter, [...]

(4) has exercised a right provided for in this chapter. The prohibition in this subsection shall apply with respect to a person regardless of whether that person has performed service in the uniformed services.

(c)     An employer shall be considered to have engaged in actions prohibited-

(1)     under subsection (a), if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor[1] in the employer's action[...] *Ibid.*

---

[1] "Motivating factor" means "that if the employer was asked at the moment of the decision what its reasons were and if it gave a truthful response, *one* of those reasons would be the employee's military position or related obligations." *Leisek v. Brightwood Corp.,* 278 F.3d 895,

72.    The terms "benefit", "benefit of employment", or "rights and benefits" are defined in USERRA and mean:

> [T]he terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment.[2]

73.    The sources of "rights" or "benefits of employment" include:

> [T]hose established (or changed) by a collective bargaining agreement, employer policy, or employment practice. The sources of seniority rights, status, and pay include agreements, policies, and practices in effect at the beginning of the employee's service, and any changes that may have occurred during the period of service. In particular, the employee's status in the reemployment position could include opportunities for advancement, general working conditions, job location, shift assignment, rank, responsibility, and geographical location.[3]

---

898 (9th Cir. 2002); *Robinson v. Morris Moore Chevrolet-Buick, Inc.,* 974 F. Supp. 571, 576 (E.D.Tx.1997); *Grosjean v. First Energy,* 481 F.Supp.2d 878, 883 (N.D. Ohio 2007).   An employee's "military position and related obligations [are] a motivating factor in [th employer's] decision if it relied upon, took into account, considered, or conditioned its decision on [the employee's] military-related absence." *Id.*

[2] 38 U.S.C. § 4303(2); 20 C.F.R. § 1002.5(b).

[3] 20 C.F.R. § 1002.193; *see also* 38 U.S.C. § 4302(a) which provides: "Nothing in this chapter [38 USCS §§ 4301 et seq.] shall supersede, nullify or diminish any Federal or State law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that establishes a right or benefit that is more beneficial to, or is in addition to, a right or benefit provided for such person in this chapter [38 USCS §§ 4301 et seq.]."

16

74.     Arkansas statute further provides that political subdivisions like Defendant must provide servicemember employees up to 15 days of paid salary, wages, and benefits each calendar year for military service.  Arkansas Statutes §§ 21-4-102, 21-4-103 and 21-4-212.

75.     These state statutes prohibit employers like Defendant from forcing servicemember employees to use accrued vacation leave or other leave to serve in the military. *Id.*

76.     These state statutes require employers like Defendant to allow servicemember employees to accumulate the 15 days of military leave if the days are unused for any reason. *Id.*

77.     Defendant's own policies promise servicemember employees that Defendant will follow the state military leave statutes.  *See Supra.,* Craighead County, Employment/Personnel Policy Handbook, Adopted November 24, 1997, Ordinance 1997-30, Revised June 2014, Ordinance 2014-3, Revised June 11, 2020, § 13(B).

78.     Nevertheless, as described above, Defendant has failed or refused to pay servicemember employees their wages or salaries when they take short-term military leave, in violation of USERRA, State Law, and Defendant's own policies.

79.     Defendant's violations of state and federal statutes injured and damaged Plaintiff and the members of the joinder class.

80.     Defendant's statutory violations were the direct and proximate cause of Plaintiff's and all similarly situated servicemember employees' injuries and damages.

81.     Upon information and belief, Defendant's USERRA violations were willful.

17

82.    Accordingly, Defendant should be required to pay liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C).

## VII.    COUNT II.

### VIOLATION OF USERRA, 38 U.S.C. § 4318

### Failure to Pay Wages or Salaries During Comparable Short Term Military Leave Pension/Retirement

83.    Plaintiff re-alleges sections I. through VI., inclusive as though fully set forth herein.

84.    USERRA, 38 U.S.C. § 4318 applies to both ERISA plans and non-ERISA plans.    USERRA § 4318(a)(1)(A) provides that USERRA applies to "an employee pension benefit plan," which includes a pension plan under ERISA § 3(2), 29 U.S.C. § 1002(2), but also expressly states that § 4318 applies to pension plans that are not covered by ERISA.

85.    The Department of Labor's regulations, 20 C.F.R. § 1002.260(a), likewise explain that while all ERISA-covered pension plan are covered by USERRA, "USERRA covers certain pension plans not covered by ERISA."

86.    Defendant maintains an employee pension/retirement plan.

87.    The Plan is an employee benefit pension plan under USERRA, 38 U.S.C. § 4318.

88.    Under USERRA § 4318(a)(2)(B), a servicemember employees' service in the uniformed service will be deemed to constitute service with the employer for purposes of determining the accrual of benefits under a pension plan.

18

89.    The Department of Labor's regulations require that "[o]n reemployment, the employee [be] treated as not having a break in service with the employer or the employers maintaining a pension plan, for purposes of participation, vesting and accrual of benefits, by reason of the period of absence from employment due to or necessitated by service in the uniformed services." 20 C.F.R. § 1002.259.

90.    Pursuant to USERRA, 38 U.S.C. § 4318(b)(1), an employer reemploying a person after a period of service in the uniformed services is liable to the employee benefit pension plan for funding any obligation of the plan to provide benefits, including those accrued under USERRA § 4318(a)(2)(B).

91.    For the purposes of computing an employer's liability under USERRA 38 U.S.C. § 4318(b), the employee's compensation during the period of service described in § 4318(a)(2)(B) shall be computed either (A) at the rate the employee would have received but for the period of service described in Section 4318(a)(2)(B), or (B) in the case that the determination of such rate is not reasonably certain, on the basis of the employee's average rate of compensation during the 12-month period immediately preceding such period (or, if shorter, the period of employment immediately preceding such period).

92.    38 U.S.C. § 4318(b)(1), provides that "a person who is absent from a position of employment by reason of service in the uniformed services shall be (A) deemed to be on furlough or leave of absence while performing such service; and (B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave

19

of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

93.    Defendant maintains a military leave policy. *See Supra.*, Craighead County, Employment/Personnel Policy Handbook, Adopted November 24, 1997, Ordinance 1997-30, Revised June 2014, Ordinance 2014-3, Revised June 11, 2020, § 13(A - B).

94.    Defendant's military leave policy includes a section entitled: "**Other Leave Policies**." *Id.* at § 13. (Emphasis added).

95.    Defendant's military leave policy references and agrees to follow Arkansas Statutes §§ 21-4-102; 21-4-103; and 21-4-212.

96.    As a municipality, Defendant has a legal duty to following the above-cited Arkansas Statutes.

97.    The "Arkansas Statute § 21-4-102," cited in Defendant's employee handbook states in pertinent part: "**Whenever any employee is granted a leave of absence under the provisions of this section, he or she shall be entitled to his or her regular salary during the time he or she is away from his or her duties during such leave of absence.**" *See* AR Code § 21-4-102(b)(1) (2012). (Emphasis added).

98.    The "Arkansas Statute § 21-4-212," cited in Defendant's employee handbook further states in pertinent part: "During any military leave of absence, the employee shall preserve all seniority rights, efficiency or performance ratings, promotional status, **retirement privileges**, life and disability insurance benefits, and any other rights, privileges, and benefits

to which the employee has become entitled." *See* AR Code § 21-4-212(d)(1) (2012). (Emphasis added).

99.     The "Arkansas Statute § 21-4-212," cited in Defendant's employee handbook further states in pertinent part: "**For purposes of computations to determine whether the person may be entitled to retirement benefits, the period of military service shall be deemed continuous service, and the employee shall not be required to make any contributions to any retirement fund.**" *See* AR Code § 21-4-212(d)(2) (2012). (Emphasis added).

100.     However, as described above, Defendant maintains a policy or practice of failing to pay servicemember employees their wages or salaries when they take short-term military leave.

101.     Because Defendant failed or refused to pay its servicemember employees during their military leaves of absence, Defendant also failed or refused to credit their pensions in accordance with the above-cited governing statutes.

102.     By adopting and applying a policy or practice of failing to pay all similarly situated servicemember employees' proper Pension/Retirement benefits when they take short-term military leave, Defendant denied Plaintiff and all similarly situated servicemember employees rights and benefits based on their military service and membership, including pension and retirement credits, and thus violated USERRA § 4318.

103.     By doing so, Defendant violated and continues to violate USERRA § 4311; and § 4318, in addition to state law.

104.    Due to Defendant's failure to comply with USERRA §§ 4311; and 4318, Plaintiff and all similarly situated servicemember employees of the Pension/Retirement Class suffered injury and damages when they received lower pension/retirement contributions and accumulations than they would have received had Defendant complied with USERRA and the Department of Labor's implementing regulations.

105.    Defendant's statutory violations are the direct and proximate cause of Plaintiff's and all similarly situated servicemember employees' injuries and damages.

106.    Upon information and belief, Defendant's violations of USERRA §§ 4311; and 4318 were willful.

107.    Accordingly, Defendant should be required to pay liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C).

## VIII.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment to be entered against the Defendant as follows:

A.    Declare that Defendant's policies or practices of failing to pay their servicemember employees' regular wages, salaries, or compensation during periods of short-term military leave, despite state statutes requiring payment of 15 days each calendar year, and despite maintaining a policy requiring Defendant to follow those state statutes, and failing to credit the imputed earnings of these servicemember employees' short-term military leave for the purposes of calculating pension and retirement contributions and accumulations, violated

the rights of Plaintiff and all similarly situated servicemember employees under USERRA § 4311;

B.    Declare that Defendant's failure to credit the imputed earnings of servicemember employees' short-term military leave and long-term military leave for the purposes of calculating pension and retirement contributions and accumulations, violated USERRA § 4311; and § 4318;

C.    Declare that Defendant's violations of USERRA were willful under 38 U.S.C. § 4323(d)(1)(C);

D.    Declare that Defendant must pay its servicemember employees regular compensation during periods of short-term military leave and credit their imputed earnings from servicemember employees' periods of short-term military leave for the purposes of calculating pension and retirement contributions and accumulations;

E.    Require Defendant to comply with USERRA § 4311, by paying Plaintiff and all similarly situated servicemember employees their regular wages, salaries, and/or compensation during periods of short-term military leave in the future, and crediting their imputed earnings from employees' periods of short-term military leave for the purposes of calculating pension and retirement contributions and accumulations in the future;

F.    Require Defendant to comply with USERRA § 4318, by crediting imputed earnings for all periods of military leave for the purposes of calculating pension and retirement contributions and accumulations in the future;

G.     Require Defendant to pay Plaintiff and all similarly situated servicemember employees the wages, salaries, and/or compensation they should have received for periods of short-term military leave in accordance with the Court's declaration;

H.     Require Defendant to recalculate the pension and retirement contributions and accumulations that Plaintiff and all similarly situated servicemember employees should have received under the Plan in accordance with the Court's declaration;

I.     Order Defendant to pay Plaintiff and all similarly situated servicemember employees liquidated damages in an amount to be determined at trial, 38 U.S.C. § 4323(d)(1)(C);

J.     Award pre-judgment and post-judgment interest on any monetary relief awarded or required by order of this Court;

K.     Require Defendant to pay attorneys' fees, expert witness fees, litigation expenses and costs pursuant to 38 U.S.C. § 4323(h) and/or order the payment of reasonable fees and expenses in this action to Plaintiff's Counsel based on the common benefit and/or common fund doctrine out of any money or benefit recovered for Plaintiff and all similarly situated servicemember employees identified in this Action; and

L.     Grant such other and further relief as the Court deems proper, just and/or equitable, including a service award.

24

## IX.    REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure or any similar rule or law, Plaintiff demands a trial by jury for all causes of action and issues for which trial by jury is available.

DATED this 26th day of January, 2022.

PLAINTIFF'S COUNSEL

ROBERT MITCHELL (WSBN 37444)
ATTORNEY AT LAW, PLLC
1020 N. Washington
Spokane, Washington  99201
Telephone:     (509) 327-2224
E-mail:          bobmitchellaw@gmail.com

25